**JING HE LIANG, Wen Hua Weng, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

**Nos. 05–5120–ag(L), 05–5164–ag(CON).**

United States Court of Appeals, Second Circuit.

May 15, 2006.

Michael Brown, New York, New York, for Petitioners.

Colm F. Connolly, United States Attorney for the District of Delaware, Seth M. Beausang, Assistant United States Attorney, Wilmington, Delaware, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Jing He Liang and Wen Hua Weng petition, through counsel, for review of the September 2005 decision of the BIA affirming the order of an Immigration Judge ("IJ") Jeffrey S. Chase denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, Liang and Weng have waived their CAT and withholding of removal claims by failing to raise them in their brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005). Accordingly, only their asylum claim will be discussed here.

Petitioners' asylum claim is premised on a fear of future persecution, in the form of forced sterilization, in China based on the birth of two children in the United States.[1] In denying relief, the IJ concluded that petitioners had failed to carry their burden of demonstrating that their purported fear is well-founded. Alternatively he found that, even if petitioners had met their burden, asylum was appropriately denied in the exercise of discretion, *see Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 70–71 (2d Cir.2004), because petitioners had "so obviously manipulat[ed]" the American system of laws and benefits that it would "undermine the entire concept of asylum" to award it to them, IJ Decision at 12. Because we conclude that the IJ's first ground for decision is supported by substantial evidence, we need not address the exercise of discretion.

This Court reviews the agency's factual findings under the substantial evidence standard, under which "a finding will stand if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003) (internal quotations and citations omitted). Where, as here, the BIA summarily affirms the decision of the IJ, this Court reviews the IJ's decision directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005).

Here, the IJ's findings were supported by the record. This Court has held that,

1. Petitioners acknowledged to the IJ that their original claim of past persecution in China was fabricated, an admission that the IJ did not hold against them because "to do so would discourage anyone from ever telling the truth to this Court." IJ Decision at 10.

where petitioners offer no support for their claims of future persecution in the form of forced sterilization based on children born in the United States, such claims are "speculative at best," and cannot support applications for asylum. *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005); *see also Jian Wen Wang v. Bureau of Citizenship and Immigration Serv.*, 437 F.3d 276, 278 (2d Cir.2006). Here, Liang and Weng attempted to demonstrate that their fear of future forcible sterilization upon return to China was well founded by citing two media articles, one reporting the forcible abortion of a pregnant woman removed from Australia, the other reporting receipt of unspecified threats by a Chinese woman in the United States who wrote to family planning officials to ask how her second child would be received in China. Neither of these anecdotes, however, can be extrapolated to a well-founded conclusion that Liang and Weng would be sterilized if they returned to China to reunite with their two United States-born children.[2] Thus, the IJ's finding that they had not met their burden of proof in support of their asylum claim was supported by the record.

To the extent that Liang and Weng rely on an affidavit by Dr. Aird to support their claim of a well founded fear of future persecution, their petition for review must be denied. First, although they claim to have included the Aird affidavit as an exhibit to their brief, the affidavit is, in fact, not attached.[3] More to the point, however, the affidavit was not presented to the BIA and, thus, cannot properly be considered in the first instance by this Court. *See Theodoropoulos v. INS*, 313 F.3d 732, 736 (2d Cir.2002) ("[t]he doctrine of exhaustion of administrative remedies requires a party to pursue all possible relief within the deciding agency before seeking federal judicial review of an unfavorable administrative decision" citing *Howell v. INS*, 72 F.3d 288, 291 (2d Cir.1995)); *see also* 8 U.S.C. § 1252(d)(1). Finally, although the Third Circuit has accepted Dr. Aird's findings as sufficient evidence that a petitioner faced likely persecution upon her return to China, *see Guo v. Ashcroft*, 386 F.3d 556 (3d Cir.2004), this Court has not adopted this holding. Moreover, the BIA has itself recently rejected the Aird findings, pointing out that they were not based on personal knowledge of conditions in China, failed to cite any example of a woman being sterilized because she had returned to China with a child born abroad, and relied predominantly on information from the 1980s and 1990s. *See In re C—C—*, 23 I. & N. Dec. 899, 901, 2006 WL 805042 (B.I.A.2006). Accordingly, Aird's findings do not undermine the IJ's conclusion that petitioner failed to carry their burden to demonstrate a well founded fear of future persecution.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

---

**2.** The hearing record indicates that petitioners acknowledge conceiving and giving birth to their children in the United States to create a ground for their asylum claim, whereupon they sent their children to China to be reared by relatives.

**3.** No matter. The Aird affidavit is cited to us with sufficient frequency for us to be familiar with the document.